# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT SAMUEL JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS E. FLAHERTY et al., ) <br> ) <br> Defendants. ) | 2:23-cv-1166 |

## MEMORANDUM ORDER

Plaintiff Lamont Samuel Jackson filed a lawsuit against several members of the Allegheny County criminal justice system, alleging a litany of violations of his constitutional rights. He has also moved to proceed *in forma pauperis*. The Court will grant Mr. Jackson leave to proceed *in forma pauperis*, but will dismiss his complaint without prejudice because his complaint, as pled, fails to state a claim on which relief can be granted.

"District courts have discretion to grant or deny a motion requesting in forma pauperis under 28 U.S.C. § 1915(a) for civil actions or 42 U.S.C. § 2000e-5(f)(1) for actions brought under Title VII of the Civil Rights Act of 1964." *Pluck v. Potter*, No. 02-8909, 2002 WL 32107629, at *1 (E.D. Pa. Dec. 17, 2002) (citations omitted). "Factors to apply in making the determination include whether the plaintiff owns any real property, whether he or she is employed, whether he or she is the recipient of a pension and the number of dependents that rely on him or her for support." *Urban v. Henderson*, No. 99-4244, 1999 WL 675466, at *1 (E.D. Pa. Aug. 3, 1999) (citation omitted). The Court has reviewed Mr. Jackson's representations about his financial condition and, based on those representations, agrees that he cannot pay the fees to start his case. Thus, the Court will grant Mr. Jackson *in forma pauperis* status.

Since Mr. Jackson is proceeding *pro se*, the Court must liberally construe his allegations. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). But as pled, the complaint fails to state a claim on which relief can be granted. Mr. Jackson states in a conclusory fashion that his Fifth, Seventh, and Fourteenth Amendment rights have been violated by Defendants, that he was charged without a grand jury indictment, and that he is the victim of fraud, racketeering, and insurrection.

The form complaint for a plaintiff proceeding *in forma pauperis* instructs the plaintiff to "[s]tate as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct." But Mr. Jackson's complaint and motion at ECF 2 (which this Court denied as part of Mr. Jackson's original motion to proceed *in forma pauperis*, and which has not been refiled) have none of these basic facts, and do not provide sufficient detail as to how each Defendant violated Mr. Jackson's rights. Without this necessary information, the Court cannot assess the merits of the complaint, or the relief sought.

Accordingly, for the foregoing reasons, the Court will grant Mr. Jackson leave to proceed *in forma pauperis*. But his complaint is hereby **DISMISSED** because, without any accompanying facts and details, it fails to state a claim for relief. This dismissal is without prejudice. This means that Mr. Jackson is free to amend his complaint to provide the necessary factual details. Any such amended complaint must be filed by July 19, 2023.

Dated: July 5, 2023

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge
